A. dies leaving a widow and children, and his personal estate is divided amongst them; then one of the children acquires some additional property and dies. That part of his estate which came from the father was divided amongst the mother and children; but as to the acquired *Page 81 
part, the mother claimed the whole, as next of kin; and her counsel insisted that the act of 1766, ch. 3, sec. 1 ("And if after the death of the father any of his children shall die intestate in the lifetime of the mother, without wife or children, every brother and sister, and the representative of them, shall have an equal share with the mother, of the estate of the child or children so dying intestate"), did (63) not extend to this case. Before the enacting of this clause she was clearly entitled to the whole as next of kin to her child, and the clause itself was made to obviate the injustice of carrying a child's part, which he derived from his father, out of the family and from the children of the father, by the intermarriage of the widow to a second husband, and his children or relations; and this being the intent of the act, as is evident from a case in Atkins (which he read) and other books that treat of the subject, the operation of the clause in question should be confined to the estate which came from the father. Where the estate is acquired by the child by his own industry, there is not any injustice in carrying it over to his mother, or to his half-brothers and sisters, or to his mother's relations, to share equally with those on the father's side, since both are to be supposed equally dear to him.
The clause in question was passed for the reasons given at the bar, and it is general, not distinguishing between different parts of the child's estate, as it probably would have done had the Legislature entertained the design attributed to them. The reason of the clause holds equally strong in the case of property acquired by a child as it does in respect of property derived from his father. He would in all probability prefer his own brothers and sisters to a father-in-law and his relations, or even to the children of his mother by him.
Let the mother have an equal share only with each brother and sister.
Cited: Wells v. Wells, 158 N.C. 331.